AO 241
REV 6/82

## PETITION UNDER 28 USC § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District Eastern | |
|---|---|---|
| Name David Lee Williams | Prisoner No. 48840 | Docket No. |
| Place of Confinement La. State Penitentiary | | |

**01-2048**

| Name of Petitioner (include name upon which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| David Lee Williams | v. Burl Cain, Warden La. State Penitentiary |

The Attorney General of the State of: Richard P. Ieyoub

**SECT. G MAG. 1**

### PETITION

1. Name and location of court which entered the judgment of conviction under attack 22nd Judicial District Court, Washington Parish, State of Louisiana

2. Date of judgment of conviction March 16, 1982

3. Length of sentence Life Imprisonment

4. Nature of offense involved (all counts) R.S. 14:42 Aggravated Rape ; R.S. 14:64 Armed Robbery

5. What was your plea? (Check one)
   (a) Not guilty ☑
   (b) Guilty ☐
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. Kind of trial: (Check one)
   (a) Jury ☑
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☑ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☑ No ☐

(2)

AO 241
REV 6/82

9.  If you did appeal, answer the following:

  (a)  Name of court  Louisiana Supreme Court

  (b)  Result  Conviction and Sentence Affirmed

  (c)  Date of result  March 2, 1983

  (d)  Grounds raised _____

  _____

  _____

  _____

  _____

10.  Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
     Yes ☑ No ☐

11.  If your answer to 10 was "yes," give the following information:

  (a)  (1)  Name of court  22nd Judicial District ; Louisiana Supreme Court

       (2)  Nature of proceeding  Post Conviction

  _____

       (3)  Grounds raised  Insufficient Evidence

  _____

  _____

  _____

  _____

       (4)  Did you receive an evidentiary hearing on your petition, application or motion?
            Yes ☐  No ☑

       (5)  Result _____

       (6)  Date of result _____

  (b)  As to any second petition, application or motion give the same information:

       (1)  Name of court  Same as 11. (a) (1)

       (2)  Nature of proceeding  Motion to Correct Invalid-Illegal Sentence

  _____

(3)

AO 241
REV 6/82

(3) Grounds raised _Denial of Due Process Having Never Been_
_Indicted by a Grand Jury Before Trial + Sentence_

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☑

(5) Result _____ Denied _____

(6) Date of result _____ 9-15-2000 _____

(c) As to any third petition, application or motion, give the same information:   N/A
(1) Name of court _____

(2) Nature of proceeding _____

(3) Grounds raised _____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☐

(5) Result _____ N/A _____

(6) Date of result _____

(d) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.      Yes ☑   No ☐
(2) Second petition, etc.    Yes ☑   No ☐
(3) Third petition, etc.      Yes ☐   No ☐

(e) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.

CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

(4)

AO 241
REV 6/82

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: Denial OF DUE PROCESS When State Instituted Prosecution - Proceed with Trial Without Indictment by Grand Jury

Supporting FACTS (tell your story *briefly* without citing cases or law): Please See Memorandum Attached

B. Ground two: _____

Supporting FACTS (tell your story *briefly* without citing cases or law): _____

(5)

AO 241
REV 6/82

C.  Ground three: _____

_____

Supporting FACTS (tell your story *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

D.  Ground four _____

_____

Supporting FACTS (tell your story *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

13.  If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

Williams recently discovered that he was never indicted by a grand jury _____

_____

14.  Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes ☐   No ☑

15.  Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a)  At preliminary hearing ___Unknown_____

_____

(b)  At arraignment and plea ___Unknown_____

_____

(6)

AO 241
REV 6/82

(c)  At trial ___Unknown___

(d)  At sentencing ___Unknown___

(e)  On appeal ___Unknown___

(f)  In any post-conviction proceeding ___Pro Se___

(g)  On appeal from any adverse ruling in a post-conviction proceeding ___Pro Se___

16.  Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☐   No ☑

17.  Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐   No ☑
(a)  If so, give name and location of court which imposed sentence to be served in the future: _____

(b)  Give date and length of the above sentence: _____

(c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐   No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

___Pro Se___
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

___6-26-01___
(date)

___David L. Williams___
Signature of Petitioner

(7)

UNITED STATES DISTRICT COURT

EASTERN DISTERN DISTRICT OF LOUISIANA

DAVID LEE WILLIAMS,
               Petitioner

VERSUS

BURL CAIN, WARDEN
LOUISIANA STATE PENITENTIARY
               Respondent.

NUMBER:_____

FILED:_____

CIVIL ACTION

**************************************************************
MEMORANDUM IN SUPPORT WRIT OF HABEAS CORPUS PURSUANT TO
TITLE 28 U.S.C. §2254
**************************************************************

SUBMITTED BY:

DAVID LEE WILLIAMS
#98840 ASH-1
LA. STATE PENITENTIARY
ANGOLA, LA. 70712

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

DAVID LEE WILLIAMS,                          NUMBER:_____
                    Petitioner
                                             FILED:_____
VERSUS
                                             CIVIL ACTION
BURL CAIN, WARDEN
LOUISIANA STATE PENITENTIARY
                    Respondent.

                    ------------------------
                    WRIT OF HABEAS CORPUS
                    ------------------------------

MAY IT PLEASE THE COURT:

Now Into Court Comes, David Lee Williams, petitioner herein who respectfully moves this Honorable Court to grant this writ of habeas corpus pursuant to Title 28 U.S.C. § 2254 for the following reasons, to wit:

PRELIMINARY STATEMENT

David Lee Williams has been incarcerated for Twenty (20) years and he has never been indicted by a grand jury for the offense that he serving a life sentence. He was arrested for violating LSA R.S. 14:42, Aggravated Rape, and LSA R.S. 14:64, Armed Robbery. Aggravated Rape is an offense that carries a mandatory life sentence. Therefore, before any person can legally be taken to trial for being in violation of Aggravated Rape, a Grand Jury must hear the evidence and nine of the Grand Jurors must endorse a true bill signed by the Jury Foreman. Petitioner, David Lee Williams has been illegally tried,

1.

sentenced and detained for Twenty (20) because he has not been indicted by a Grand Jury. As such, the trial court did not have the right, authority, or jurisdiction to proceed with a trial and sentence in this case.

## STATEMENT OF THE CASE

On January 7, 1982, Williams was charged by Bill of Information with violating LSA R.S. 14:42, Aggravated Rape and R.S. 14:64, Armed Robbery. On March 15-16, 1982, a trial was held before a jury of twelve and Williams was found guilty of Aggravated Rape. On May 17, 1982, he was sentenced to serve life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. On March 2, 1983 this court affirmed the conviction and sentence.

## ISSUE PRESENTED

PETITIONER WAS DENIED FEDERAL AND STATE DUE PROCESS OF LAW WHEN THE STATE INSTITUTED PROSECUTION AND PROCEEDED WITH A TRIAL WITHOUT HAVING PETITIONER INDICTED BY A GRAND JURY.

On January 27, 1999, Williams submitted a letter to the Clerk of Court in the Twenty-Second Judicial District Court, asking to be provided with a copy of the Indictment in reference to his case. (See Letter attached in original petition to district court as Exhibit "A"). On January 29, 1999, Deputy Clerk, Kaye Lander responded to petitioner's request by providing a copy of the minute entry and Bill of Information. (See copy of clerk's response as Exhibit "B"; Minute Entry "B-1"; Bill of Information "B-2" in original petition to district court.)

2.

All records show that Williams has never been indicted by a grand jury, which makes the conviction and sentence illegal.

When proceeding with this matter in the state court system, Williams challenged the lack of being indicted by a grand jury in the following procedural manner:

The Louisiana Code of Criminal Procedure, Art. 382 A, provides in part that:

> "A prosecution for an offense punishable
> by death, or for an offense punishable
> by life imprisonment, "shall" be instituted
> by indictment by a grand jury."(emphasis added)

BY THE SENTENCING COURT:

> "... the statute under which the defendant
> was convicted carrying a mandatory
> penalty, accordingly, the court sentences
> David Lee Williams to life imprisonment
> at hard labor ...."

Article 1, section 15 of the Louisiana Constitution of 1974 provides that no person shall be held to answer for a capital crime of a crime punishable by life imprisonment except by a grand jury. Because Aggravated Rape carries life imprisonment, it was mandatory that prosecution against Williams be instituted by Grand Jury Indictment instead of Bill of Information.

The requirement mentioned above is based upon the legal precept that an individual should not be accused of a crime punishable by life imprisonment except by a group of his fellow citizens acting independently of either prosecuting attorney or judge. The allegations against Williams has never been

3.

considered by a group of his fellow citizens acting independently of the prosecutor and judge. The prosecutor and the judge did not have the right, authority, or jurisdiction to proceed with a trial and sentence in this case unless a grand jury indicted Williams. The conviction and subsequent sentence rendered under this constitutionally defective prosecution is reversible as a matter of state law. State v. Demolle, 621 So.2d 167 (4TH Cir. 1993); State v. Davis, 385 So.2d 193 (La. 1980); State v. Rupel, 437 So.2d 873 (La. App. 2ND Cir. 1983); State v. Stevenson, 334 So. 195 (La. 1976).

Article 872 of the L. C. Cr. P. provides the basis for a valid sentence  requiring that:

A valid sentence must rest upon a valid and sufficient:

(1) STATUTE:
(2) INDICTMENT:
(3) VERDICT, JUDGMENT, OR PLEA OF GUILTY.
(emphasis added)

In this case, the error is far worse than an invalid-insufficient indictment. Williams has never been indicted. As indicated by the statutory provisions above, if an indictment is invalid-insufficient, the sentence cannot rest upon it, thus the sentence is invalid - insufficient - illegal.

Article 882 of the L. C. Cr. P. states that:

A. An illegal sentence may be corrected at any time by the court that imposed the sentence of by an appellate court on review.

B. A sentence may be reviewed as to its legality on the application of the defendant or of the state.

The phrase at any time makes clear the court's authority to

4.

make a correction after the defendant has began to serve the sentence. <u>State v. Johnson</u>, 220 La. 64, 55 So.2d 782; <u>United States v. Johnson</u>, 241 F.2d 60 (5TH Cir. 1957); <u>Bozza v. United States</u>, 330 U.S. 160, 67 S.Ct. 654, 91 L.Ed. 818 (1947). Because there has never been an indictment in this case, the issue is a matter of jurisdiction, which may be raised at any time.

PROCEEDING OF THE COURT BELOW

On August 5th, 1999, Williams received the district attorney's response to his petition arguing that he has never been indicted. Williams subsequently filed an answer to the district attorney's procedural objection and on November 19, 1999, the 22nd Judicial District Court upheld the district attorney's answer to Williams claim, alleging that "... the Application for Post Conviction Relief shall be denied as time barred pursuant to C. Cr. P. Art. 930.8." After the 22nd Judicial District Court denied Williams' petition he filed a Writ of Certiorari in the Louisiana Supreme and on September 15, 2000, relief was denied. (See decisions below attached hereto).

FEDERAL AUTHORITY

Petitioner, David Lee Williams respectfully contends that there is no time limitation for a court to correct an error of this magnitude. The United State Court of Appeals in <u>U.S. v. Cabrera-Teran</u>, 168 F.3d 141 (5TH Cir. 1999), gave several reasons why violations of the magnitude such as the one in this case is never barred. The court stated:

5.

(1) "An indictment's failure to charge an offense constitutes a jurisdictional defect. <u>Because an indictment is jurisdictional</u>, <u>defendant at any time may raise an objection to the indictment</u> <u>based on failure to charge an offense</u> ...." Cabrera-Teran at page 143. (emphasis added).

(2) "To be sufficient, an indictment must allege each material element of the offense; if it does not, it fails to charge that offense. This requirement stems directly from one of the central purposes of an indictment: <u>to insure that the "grand jury" finds</u> <u>probable cause</u> that the defendant has committed each element of the offense, hence justifying a new trial, ...." Cabrera-Teran at page 143. (emphasis added). (3) "A facially complete complaint cannot make up for the shortcomings of the indictment ... and we can find, no case law as to how it might." Cabrera-Teran at 145. (emphasis added).

(4) "<u>The indictment ensures that the "grand jury" has had the</u> <u>opportunity to review evidence supporting</u>, and find sufficient cause to charge a defendant with, each element of the offense <u>before the court may entertain prosecution</u>. Cabrera-Teran at 145. (emphasis added).

In <u>Lockett v. Anderson</u>, 230 F.3d 695 (5th Cir. 2000), it was reiterated that, "the sufficiency of a state indictment is not a matter for federal habeas corpus review <u>unless it can</u> <u>be shown that the indictment is so defective that the convicting</u> <u>court has no jurisdiction</u>." (emphasis added). In this case there is no indictment from which to show a defect. There is not

6.

a better situation that would deprive a court and the district attorney of jurisdiction to entertain prosecution.

Because Williams has never been indicted, such an error is far worse than an insufficient indictment. There was no grand jury to review evidence to find sufficient cause to charge Williams, bring him to trial, or sentence him. One of the central purposes of an indictment is to insure that the grand jury finds probable cause that the defendant has committed each element of the "infamous crime", hence justifying a new trial. Such an error is so fundamentally unfair, until Due Process requires that this Honorable Court render the proper relief and order Williams discharged from the illegal trial and sentence.

## CONCLUSION

Wherefore, Williams prays that this Honorable Court order him immediately discharged in accordance with the Federal Constitution, and supporting case law.

Respectfully Submitted,

David Lee Williams
#98840        Ash-1
La. State Penitentiary
Angola, La. 70712

7.

## CERTIFICATE OF SERVICE

I, David Lee Williams, do hereby certify that a copy of this petition was mailed to the United States District Court via U.S. Mail, placed into the prison mail box on this _6-26-01_ day of JUNE, 2001.

_David L. Williams_
David Lee Williams
#98840          Ash-1
La. State Penitentiary
Angola, La. 70712

8.

# The Supreme Court of the State of Louisiana

**STATE EX REL DAVID LEE WILLIAMS**

VS.

**STATE OF LOUISIANA**

NO.   2000-KH-0344

- - - - - -

IN RE:   Williams, David Lee; - Plaintiff; Applying for Supervisory and/or Remedial
Writs, Parish of Washington,   22nd Judicial District Court Div. A, Nos.
82-CRC-37096;

- - - - - -

**September 15, 2000**

Denied.   La.C.Cr.P. art. 930.8; State ex rel. Glover v. State,
93-2330 (La. 9/5/95), 660 So.2d 1189; La.C.Cr.P.  art. 930.3.

HTL

PFC

CDK

BJJ

JPV

CDT

JTK

OA 240 (1/94)

# United States District Court

EASTERN _____ DISTRICT OF _____ LOUISIANA

David Lee Williams
          Plaintiff

V.

Burl Cain, Warden
          Defendant

**APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF
FEES AND AFFIDAVIT**

**CASE NUMBER:**

I, David Lee Williams _____ declare that I am the (check appropriate box)

☑ petitioner/plaintiff/movant        ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC. § 1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1.   Are you currently incarcerated?     ☑ Yes      ☐ No      (If "No go to Part 2)

    If "Yes" state the place of your incarceration ___Louisiana State Penitentiary___

    Are you employed at the institution? _Yes_ Do you receive any payment from the institution? _Yes_

    Have the institution fill out the Certificate portion of this affidavit and attach a ledger sheet from the institution(s) of your incarceration showing at least the past six months', transactions.

2.   Are you currently employed?     ☐ Yes      ☑ No

    a.   If the answer is "Yes" state the amount of your take-home salary or wages and pay period and give the name and address of your employer.

    b.   If the answer is "No" state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.
                _Twenty (20) years ago._

3.   In the past 12 twelve months have you received any money from any of the following sources?

| | | Yes | No |
|---|---|---|---|
| a. | Business, profession or other self-employment | ☐ | ☑ |
| b. | Rent payment, interests or dividends | ☐ | ☑ |
| c. | Pensions, annuities or life insurance payments | ☐ | ☑ |
| d. | Disability or workers compensation payments | ☐ | ☑ |
| e. | Gifts or inheritances | ☐ | ☑ |
| f. | Any other sources | ☐ | ☑ |

If the answer to any of the above is "Yes" describe each source of money and state the amount received and what you expect you will continue to receive.

OA 240 (1/94)

4. Do you have any cash or checking or saving accounts?   ☐ Yes        ☑ No

    If "Yes" state the total amount. _____

5. Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or other
   valuable property?        ☐ Yes            ☑ No

    If "Yes" describe the property and state its value.

6. List the persons who are dependent on you for support, state your relationship to each person and indicate
   how much you contribute to their support.   *NoNe*

I Declare under penalty of perjury that the above information is true and correct.

6-13-01
_____                _____
DATE                                    SIGNATURE OF APPLICANT

— — — — — — —

**STATEMENT OF ACCOUNT**
**(Certified Institutional Equivalent)**

I hereby certify that this inmate, _DAVID   WILLIAMS   # 98840_____ has a present
                                            (print name)
inmate account balance of $ _260.63_ at the _LSP_____ institution. I further certify that

the average monthly deposits for the proceeding six months is $ _266 7__ .

*(The average monthly deposits are to be determined by adding the deposits made during a given month and dividing that total
by the number of deposits made during that month. This is repeated for each of the six months. The average from each of the
six months are to be added together and the total is to be divided by six).*

I further certify that the average monthly balance for the prior six months is $ _277.95_ .

*(The average monthly balance is to be determined by adding each day's balance for a given month and dividing that total by the
numbers of DAYS in that month. This is to be repeated for each of the six prior months. The balance from each of the
six months are to be added together and the total is to be divided by six).*

JUN 2 1 2001

_____                _____
Date Certified                          Authorized Officer of Institution